ALFRED A. MARCUS *vs.* CITY OF BOSTON & others.

Suffolk.   Nov. 23, 1883. — Jan. 19, 1884.   C. ALLEN & HOLMES, JJ., absent.

A bill in equity, by a person claiming to be the highest bidder at an auction sale of land, against the auctioneer and the person to whom the land was struck off and the memorandum of sale executed, to compel the auctioneer to sign a memorandum of sale declaring the plaintiff to be the purchaser, cannot be maintained.

BILL IN EQUITY, filed June 29, 1883, against the city of Boston, L. F. Morse, and Harvey D. Parker, alleging that the city of Boston, on June 28, 1883, and long prior to said date, was seised in fee and was in possession of a certain parcel of land at the corner of Bosworth Street and Chapman Place in said city; that, prior to that day, the city, by its duly authorized agents, offered to sell said parcel of land on said date, by public auction, by the defendant Morse, a duly licensed auctioneer, and caused a notice

of such sale to be published; that, at the time and place appointed in said notice for such sale, said parcel of land was duly offered for public sale by Morse, acting as the authorized agent of the city, in accordance with the terms and conditions of sale set forth in the notice; that, at said time and place, the land was offered for public sale by competition, under the usual condition of public sales, that the highest bidder should be the purchaser thereof; that there were many persons present at the sale, including the plaintiff and the defendant Parker; that at the sale Parker bid for said land the sum of $15.50 per square foot; that the plaintiff, as a bidder for said land, and desiring to become the purchaser thereof, bid the sum of $15.55 per square foot, which was the highest bid then made for the land; that Morse declined to accept this bid, stating as a reason that he would not accept a bid of less than twenty-five cents a square foot in advance of the bid of Parker, which was not one of the terms of sale as announced by Morse, or of the printed terms of sale; that Morse immediately after, and notwithstanding the bid made by the plaintiff, struck off the land to Parker at his bid of $15.50 per square foot; that the plaintiff then publicly claimed to be the highest bidder for the land, and demanded that he should be declared the purchaser thereof at said sale, and then and there offered to purchase the land at his said bid, and to pay the $500 required by the printed terms of sale, and tendered the same to Morse, and offered to perform all the other terms and conditions of sale, and demanded that Morse, as the agent of the city, should execute with him a memorandum of sale of the land; that Morse declined to receive the $500 on account of and in compliance with the terms of sale, and to declare the plaintiff to be the purchaser of the land, and to execute with him the memorandum of sale, although it was the duty of Morse so to do; that, at the time of the sale, the plaintiff was, and ever since had been, willing and able to perform all the terms and conditions of the sale, and to take the conveyance of the land at the bid made by him at the sale; that Parker heard the plaintiff's bid in excess of the bid of Parker, and also heard his claim that, as the highest bidder at the sale, he was entitled to be declared the purchaser of the parcel, and to have Morse, as the agent of the city, execute with him, and not with Parker,

the memorandum of sale; and that Morse, as the agent of the city, had executed with Parker the memorandum of sale of the land, and the city pretended to be obliged to execute to Parker a conveyance of the land.

The prayer of the bill was, that Morse might be ordered to sign the memorandum of the sale of the land with the plaintiff, upon the terms of his bid and the other terms and conditions of the sale; that the city might be ordered to execute and deliver to the plaintiff a conveyance of the land upon his complying with the terms of sale; that the city might be enjoined from conveying the land to Parker, or to any person or persons other than the plaintiff; and that Parker might be enjoined from receiving such conveyance from the city; and for further relief.

The defendants severally demurred to the bill for want of equity.

At the hearing, the demurrers were sustained, and the bill dismissed, with costs; and the plaintiff appealed to the full court.

*A. S. Wheeler*, for Parker.

*J. C. Coombs*, for Morse.

*F. W. Kittredge*, for the plaintiff.

W. ALLEN, J. The plaintiff admits that the facts stated in the bill do not show a contract, the specific performance of which can be enforced. It is quite as plain that the bill cannot be maintained to enforce the specific performance of a duty to make such a contract, which is the only relief sought. The plaintiff's remedy, if he has any, is in damages.

*Decree affirmed.*