FREDERICK ATANASIO v. WILLIAM M. THOMPSON, COLLECTOR.

Argued February 17, 1915—Decided November 3, 1915.

A bidder at a tax sale under the Tax act of 1903, whose bid is not accepted by the auctioneer, cannot, in the absence of any other interest, have the tax sale set aside.

On *certiorari.*

Before Justices SWAYZE, PARKER and KALISCH.

For the prosecutor, *Adolf L. Engelke.*

For the respondent, *John S. Applegate, Jr.*

The opinion of the court was delivered by

SWAYZE, J. The prosecutor seeks to set aside a tax sale held under section 52 of the Tax act of 1903. His only in-

terest is that of a bidder at the sale. He offered to take the land in fee. The auctioneer refused to accept his bid and struck the property off to the borough for a term of thirty years. We are unable to see what interest the prosecutor has in setting aside the sale. Assuming that the auctioneer, or the borough collector for whom he acted, ought to have accepted the bid and would in case of a sale without reserve have been liable in damages for his refusal to do so (*Warlow* v. *Harrison,* 1 *E. & E.* 295), although this is by no means settled (*Poll. Cont.* (*7th Eng. ed.*) 17, 18; *Anderson* v. *Wisconsin Central Railway Co.,* 107 *Minn.* 296, 16 *Ann. Cas.* 379), still a bill for specific performance will not lie since there is no memorandum to satisfy the statute of frauds. *Marcus* v. *Boston,* 136 *Mass.* 350. The prosecutor would not be helped if the sale were set aside.

Moreover, the prosecutor's case as made in his reasons is self-destructive. He insists that the sale was illegal because not conducted by the collector as the statute requires, but by an auctioneer acting for the collector and in his presence. If this is correct, the sale would be equally invalid if the property had been struck off to the prosecutor. The title of the owner could not be divested by an invalid sale, no matter who was at fault.

The *certiorari* must be dismissed, with costs. We do not wish to be understood, however, as approving the action of the collector in himself bidding in for the borough at his own sale, however praiseworthy may have been his motive in desiring to save the rights of the landowner. The statute should be strictly pursued.